[No. 1789.]

THE AMERICAN NATIONAL BANK OF DENVER v. BARNARD ET AL.

1. CONTRACTS—REMEDIES—MECHANICS' LIENS. -
Where E. sold to B. a lot of brick under a contract that B. would convey to E. a certain piece of property free from incumbrance, and there was a deed of trust on the property which B. agreed to pay off, but failing to do so the deed of trust was foreclosed, the fact that E. brought a suit to foreclose a mechanic's lien on the property on which the brick were used would not deprive him of his right of action on the contract with B. to recover a surplus from the sale under the deed of trust remaining in the hands of the trustee after paying off the debt for which the deed of trust was foreclosed.
2. CONTRACTS — DEEDS OF TRUST — FORECLOSURE — SURPLUS—GARNISHMENT.
A conveyance or agreement to convey property on which there is a deed of trust vests in the purchaser a right to any surplus that may remain from a foreclosure sale under the deed of trust after paying the indebtedness for which the foreclosure was made, that is superior to any rights acquired by creditors of the grantor in the deed of trust by garnishment of the proceeds in the hands of the trustee.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellant.

Mr. HENRY HOWARD, JR., for appellees.

THOMSON, J.

H. M. Schlesinger brought his complaint against William H. Barnard, Mary Kerr, R. Kerr, trustee, Howard Evans and Joseph Arnold, alleging the execution on the 31st day of December, 1890, by the defendant Barnard, of a trust deed to the defendant R. Kerr, of certain real estate in Alkire Brothers' Addition to Broadway Terrace, to secure the payment of his two promissory notes to the defendant Mary. Kerr, for the sum of $1,100 each, in one and two years from date; alleging that the first of these notes was duly paid, but that, default having been made in the payment of the second, the trustee, R. Kerr, proceeded to foreclose the trust deed in accordance with its terms; and alleging the purchase by the complainant of the property at the trustee's sale, which took place on the 18th day of May, 1893, for the sum of $2,150, which was considerably in excess of the amount due upon the note. The complaint further alleged that at the sale, the defendant Evans notified the complainant that he was entitled to whatever might be left, after payment of the note; that immediately afterwards, at the suit of the defendant Arnold, he was garnisheed for the same surplus; and that, being uncertain to whom the amount was justly and lawfully payable, he brought the entire money into court, and prayed that the claimants be ordered to interplead, and that the controversy be settled by the proper decree. Summons was issued and served, and the parties appeared.

Defendant Evans filed an answer, in the nature of a complaint, in which he alleged that on the 20th day of May, 1892, he was doing business in the name of the University Brick Company; and that on that day, and by that name, he entered into a written contract with the defendant Barnard, by the terms of which he agreed to furnish to Barnard 462,500 brick within six months from that date, the stipulated value of the brick being $5,000; and Barnard agreed in consideration of

the furnishing of the brick, to convey to him or his nominee the real estate described in the trust deed, free and clear of all liens and incumbrances; provided, that the conveyance might be made subject to any balance due upon the indebtedness secured by the trust deed, if Barnard should, at the time of the conveyance, pay such balance to him or his nominee. Evans further averred that he delivered the brick pursuant to the agreement, and demanded of Barnard a deed of the premises free from the incumbrance, or a deed subject to the incumbrance, together with the payment to him of the balance due on the indebtedness secured; but Barnard failed to comply with the demand. He also stated that he caused the agreement to be duly recorded on the 20th day of February, 1893. He prayed judgment for the residue which might remain after payment of the note, and the expenses of the trust.

The defendant Arnold answered the pleading of Evans, denying, as to its material allegations, knowledge or information sufficient to from a belief. But his answer showed that his action in which the garnishment was issued, was commenced on the 27th day of February, 1893, and that he had assigned the judgment which he had recovered in the suit to Mary J. Barnard.

Mary J. Barnard thereupon entered her appearance and answered. Her answer repeated the averments contained in the answer of Arnold, and alleged further: that on the 20th day of February, 1893, Evans filed in the office of the recorder of Arapahoe county, his statement that William H. Barnard was indebted to him in the sum of $6,700 for brick furnished and delivered by him to Barnard for the construction of a building upon certain lots in Hunt's Addition to the city of Denver, and that he claimed a lien upon those premises for that sum; that afterwards, Bingham and others instituted their suit against Barnard, making Evans a party defendant; that Evans interposed in that action his cross-complaint, setting forth the indebtedness mentioned in his lien statement, and claiming a lien upon the premises for the amount; that judgment was rendered in his favor upon his cross-complaint

for $3,485 ; and that the brick mentioned in the lien statement and the cross-complaint, were the identical brick mentioned in his answer in this suit.

The answer of the defendant William H. Barnard, after denying most of Evans's statements, contained the following affirmative allegations : First, that the number of brick delivered to him under the contract with the University Brick Company was 290,702 and no more, and that Evans failed and refused to deliver any other, further or greater number ; second, that on the 21st day of September, 1892, Evans demanded of him a conveyance of the premises described in the contract, which he thereupon executed and delivered to Evans. H. J. Rodolf, to whom Mary J. Barnard assigned the Arnold judgment after she had filed her answer, was substituted for her as a defendant, and adopted that answer.   The American National Bank of Denver, upon a showing that it had succeeded to the rights of the defendant Evans, was made defendant in his place.   The defendant Rodolf then moved for judgment on the pleadings on the ground that it appeared that the defendant Evans had obtained a judgment upon the same cause of action sued for in this proceeding, and against the same premises described in his answer, in the suit of Bingham and others against Barnard and others.   The motion was sustained and judgment rendered accordingly.   The bank appeals.

So far as this litigation is concerned, Evans, although he was brought into court by Schlesinger, and his pleading was denominated an answer, was, as to the other defendants, in reality a plaintiff, and their pleadings were answers to his complaint.   Except as to the answer of Mary J. Barnard, he did not make reply, and while the abstract furnishes us no information upon the subject, it is to be supposed that the court, in passing upon the motion, accepted the answers as true.   The decision is inexplicable otherwise.   Neither does the abstract advise us of the grounds upon which the decision was based ; and we can only conjecture what they were from the contents of the motion.   The reason it assigns is, that

Evans had previously obtained a judgment upon the identical cause of action stated in Evans's complaint, and upon the identical premises it described. The assumption in the motion that the two causes of action were the same, and that the property involved in both was the same, has no support in the record, upon which alone a motion of that kind could be predicated. The suit for which Evans's judgment was obtained, as set forth in the answer of Mary J. Barnard, was brought for the foreclosure of a mechanic's lien upon lots in Hunt's Addition to the city of Denver, on account of brick furnished for the construction of a building upon those lots. But the present proceeding of Evans is for a decree that he is entitled to the money realized from the trustee's sale, remaining after the discharge of the indebtedness secured; and the foundation of his claim is the contract between himself and Barnard, the conditions of which he says he performed, and therefore became entitled to the property it described, of which the money in litigation is part of the proceeds. The recital in the motion that the property involved in both suits was the same is contradicted by the record. The answer of Mary J. Barnard shows that the judgment in the mechanic's lien suit was recovered on account of the same brick in consideration of which Barnard agreed to convey the land. But conceding the allegation to be true, it does not follow that the causes of action were identical. Whether in the foreclosure suit there was a personal judgment in favor of Evans and against Barnard, the pleadings do not show, although from the language of the motion it might be inferred that there was not; yet we shall assume that there was, and the motion is still groundless. Evans agreed to deliver a certain quantity of brick in consideration of the conveyance to him of an unincumbered title to a piece of land. There was a trust deed on the land, which Barnard agreed should be discharged. He promised either to satisfy it himself, or give Evans the money with which to satisfy it. In either case Evans would obtain a clear title. Evans says that he delivered the brick according to his agreement, but

that Barnard failed either to pay the balance due on the indebtedness secured by the trust deed, or give him the money with which to pay it. If his statement was true, by taking a deed subject to that balance, he would suffer loss. Such being the situation, he had the undoubted right to endeavor to protect himself by taking additional security; and his remedy upon the contract was not in the least affected by the fact that he sought to obtain and enforce a mechanic's lien against the property into which the brick went. The judgment obtained in the lien suit would be only an additional security, and unless it was paid, would be no bar to the proceeding upon the contract. Evans was entitled to only one satisfaction; but to obtain that he was not confined to one remedy; and by reason of Barnard's failure to perform his agreement, the remedy upon the contract would not make him whole. If, as counsel claims, but as the abstract does not show, Evans failed to establish his lien and got nothing but a personal judgment against Barnard, the situation is the same. In a suit to enforce a mechanic's lien, the statute authorizes a judgment against the person. Such judgment is a judgment obtained in the foreclosure proceeding, and the personal judgment against Barnard could no more injuriously affect the rights of Evans under the contract than the supposed lien, of the attempted enforcement of which the judgment was the consequence. It was the outcome of the alleged lien and amounted only to what that was intended to be,—an additional security.

Barnard alleged that he had conveyed the property to Evans. If he had, the title which the latter received was not clear, because the incumbrance was undischarged. But it is immaterial whether he had or not. Whether Evans's interest was evidenced by a deed or contract, the surplus in the hands of the trustee belonged to him as part of the proceeds of property to which he was entitled, unless, by some act of his own, his right was waived, or unless, having nothing but the contract on which to base his claim, he himself

failed in the performance of its conditions, as the other party to it alleged that he did.

The contract was placed on record some days before the suit was begun in which the writ of garnishment was issued. Arnold therefore had notice of the rights in the land which Evans acquired under that contract, and if nothing had occurred to extinguish those rights, the claim of Evans to the money in the hands of the trustee was superior to that of Arnold.

Justice cannot be done between the parties to this controversy without a trial. Important facts are in issue, the questions concerning which can be determined only upon evidence. The summary judgment by which the district court disposed of the case, is unjustified by the record, and must be reversed.

*Reversed.*